UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| WILLIAM JAMES BRAINARD,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BRYAN WILLMON, CAROL WILLMON, *et al*,<br><br>　　　　　　　Defendants. | 1:10-CV-01126-OWW-SMS<br><br>MEMORANDUM DECISION RE: DEFENDANT BRYAN AND CAROL WILLMON'S MOTION TO DISMISS, (Doc. 7), and PLAINTIFF WILLIAM BRAINARD'S MOTION FOR SUMMARY JUDGMENT (Doc. 17) |
|---|---|

## I. INTRODUCTION.

By this action Plaintiff William Brainard alleges that Defendants Bryan and Carol Willmon violated his patent rights in real property by conducting a non-judicial foreclosure of a deed of trust and by subsequently pursuing an unlawful detainer action in state court.

Before the Court for decision are two motions. One motion is brought by Defendants Bryan and Carol Willmon on grounds, among others, that Plaintiff William Brainard's Complaint is barred by the doctrine of res judicata. The other motion, filed by Plaintiff William Brainard, proceeding *pro se*, is styled as a "Motion for Summary Judgment in Open Court on the Declaration for Impeachment of the Defense."

1

## II. **BACKGROUND**.

The following background facts are taken from the parties' submissions in connection with the motions and other documents on file in this case.

This matter involves a dispute between Plaintiff William Brainard ("Brainard") and Defendants Bryan and Carol Willmon ("the Wilmons") concerning the sale and subsequent transfer of 38.75 acres of real property in Toulumne County.

On April 25, 2006, the Willmons sold real property located at 9201 Priest Coulterville Road, Toulumne County, California to Kay Brainard, Plaintiff's mother. The debt for the unpaid purcahse price was secured by a Deed of Trust ("DOT") recorded in the Toulumne County Recorder's Office memorializing Kay Brainard's obligation to make monthly payments under the terms of the Sale Agreement. Plaintiff William Brainard subsequently took possession of the property.

On July 31, 2009, a deed was recorded in the Toulumne County Recorder's Office purporting to transfer the 9201 Priest Coulterville Road property from Kay Brainard to William Brainard.

In the fall of 2009, Kay Brainard defaulted under the terms of the Sales Agreement. The default was not cured. The Willmons initiated a non-judicial foreclosure action on the property through Dual Arch International, a foreclosure trustee.

On December 3, 2009, Plaintiff filed a lawsuit against Bryan and Carol Willmon in the Superior Court of California, County of Toulumne, alleging that defendants filed false instruments affecting title to real property, i.e., the property located at 9201 Priest Coulterville Road. On March 22, 2010, the Complaint

2

was dismissed without leave to amend on grounds that "the Complaint fail[ed] to state facts sufficient to constitute a cause of action against the moving Defendants [and] the pleading is uncertain, ambiguous and unintelligible."  (Request for Judicial Notice ("RJN"), Doc. 10.[1])

On February 19, 2010, Plaintiff filed for bankruptcy in the United States Bankruptcy Court, Eastern District of California, Bakersfield Division, *In re William James Brainard*, No. 10-90573-E-7.  On February 26, 2010, Plaintiff filed an adversary proceeding against Bryan and Carol Willmon, *Brainard v. Willmon, et al*, 10-09015, asserting fee ownership in the 9201 Priest Coulterville Road property.  Plaintiff alleged that defendants "cannot at this late date assert their beneficial equity interest over Brainard's property, when Brainard's predecessor's-in-interest had their interest confirmed without any mention of such an interest in the federal patent proceedings."

Plaintiff's adversary proceeding was dismissed without prejudice on September 10, 2010 after Plaintiff failed to attend a September 8, 2010 "Show Cause" hearing.  Plaintiff's bankruptcy case was dismissed on September 14, 2010.

On June 14, 2010, Plaintiff filed this action against Bryan Willmon, Carol Willmon, and David Absher on grounds that they infringed on his "federal land patent," which he identifies as "Certificate No. 2314."  Specifically, Plaintiff alleges that

---

[1] Defendants' request for judicial notice of this document is GRANTED.  See *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (a court may take judicial notice of matters of public record outside the pleadings on a motion to dismiss).

**3**

"defendants have filed a fraudulent deed [] and cannot sustain an action of ejectment, eviction or unlawful detainer." Plaintiff requests that defendants "cease and desist their unlawful detainer action" and file "a notice of recission of their fraudulent trustee's deed."

Defendants Bryan and Carol Willmon filed this motion to dismiss Plaintiff's complaint on July 1, 2010. (Doc. 8.) Defendants argue that Plaintiff's complaint is barred under the doctrine res judicata or, alternatively, that it fails to state a claim for relief. Plaintiff opposed the motion on June 24, 2010. (Doc. 14.)

On September 8, 2010, Plaintiff filed a "Motion for Summary Judgment in Open Court on the Declaration for Impeachment of the Defense." (Doc. 17.)

### III. LEGAL STANDARD

**A. Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss can be made and granted when the complaint fails "to state a claim upon which relief can be granted." Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim to relief and survive a 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*,

4

550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." Id. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal citation and quotation marks omitted).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations." *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, --- F.3d ----, 2009 WL 1978730, at *3 (9th Cir. July 10, 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss.").

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to

5

survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009) (internal quotation marks omitted).

## IV.  DISCUSSION

**A.   *Jurisdiction***

In the operative complaint, filed on June 14, 2010, Plaintiff alleges that this court has jurisdiction over this action because defendants infringed on his "federal land patent [...] Certificate No. 2314." Plaintiff further provides the basis for jurisdiction as:

> Article 3, Section 2 United States Constitution. Treaty of Guadulupe Hidalgo.  Act of Congress, Approved 20th May 1862.  To secure Homesteads to Actual Settlers on the Public Domain [] and Acts supplemental thereto, Title 28 United States Codes Section 1331 et seq.

(Doc. 1 at 1:25-1:28.)

Attached to Plaintiff's complaint are two documents allegedly relevant to his federal land patent infringement claims: (1) a copy of a federal land patent, Certificate No. 2314, which allegedly bars Defendants' right to the 9201 Priest Coulterville Road property; and (2) a "Land Patent" treatise.

Although Defendants make no specific objection on the issue of jurisdiction, district courts in this Circuit are bound to uphold the "bedrock principle that federal courts are courts of limited jurisdiction." *Alcala v. Holder*, 563 F.3d 1009, 1016 (9th Cir. 2009) (citation omitted).  The burden of establishing that

6

jurisdiction exists rests squarely on the party asserting jurisdiction: "It is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

Federal courts are courts of limited jurisdiction and cannot hear every dispute presented by litigants. *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). A district court is empowered to hear only those cases which are within the judicial power conferred by the United States Constitution and those which fall within the area of jurisdiction granted by Congress. *Richardson v. United States*, 943 F.2d 1107, 1112-13 (9th Cir. 1991), cert denied, 503 U.S. 936 1992). Original jurisdiction must be based either on diversity of citizenship (suits involving more than $75,000 between citizens of different states), 28 USC § 1332, on a claim involving the Constitution, laws, or treaties of the United States, 28 USC § 1331, or on some other statute providing original jurisdiction in federal court.

1.  *Diversity Jurisdiction*

Diversity jurisdiction requires that all plaintiffs be citizens of different states than all defendants. *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939). To establish diversity jurisdiction, Brainard must allege that he resides in a state different from all of the defendants, i.e., Brainard resides in the State of California and all of the defendants reside in other

7

states. Brainard must also allege that he seeks damages of more than $75,000.

Brainard's pleading precludes any possibility of diversity jurisdiction. Brainard does not allege that is a citizen of any state; nor does he provide a citizenship for Bryan Willmon, Carol Willmon, or David Absher. Rather, he alleges that jurisdiction is proper based on 28 U.S.C. § 1331, i.e., original jurisdiction.

### 2. *Federal Question Jurisdiction*

To invoke federal question jurisdiction, Brainard must plead that defendants have violated some constitutional or statutory provision. Brainard cites a host of federal statutes and treaties in his pleadings as possible grounds for this court to exercise jurisdiction. However, a careful review of those authorities reveals that they either provide no basis for jurisdiction or are simply inapplicable to Brainard's underlying allegations.

Brainard's primary argument in favor of subject matter jurisdiction is that he holds a federal land patent which the defendants infringed on. According to Brainard, such an infringement necessarily invokes the Court's original jurisdiction, 28 U.S.C. § 1331. However, Brainard misunderstands the law of federal land patents, specifically, he confuses a "land patent" and a "patent" right. The two terms are not synonymous and do not incorporate one another. See 35 U.S.C. § 101 (A patent must concern "a new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof.").v

In *Virgin v. County of San Luis Obispo*, 201 F.3d 1141, 1143

8

(9th Cir. 2000) (per curiam), the Ninth Circuit stated that: "the rule that federal land patents do not confer federal question jurisdiction has been repeatedly reaffirmed by the Supreme Court, the Ninth Circuit, and other lower courts." The Ninth Circuit explained that federal land patents are an improper basis for federal question jurisdiction, citing the Supreme Court's decision in *Shulthis v. McDougal*, 225 U.S. 561 (1912):

> Federal land patents and acts of Congress do not provide bases for federal question jurisdiction. The Supreme Court has clearly stated that:
>
>> [a] suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction or effect of such a law, upon the determination of which the result depends. This is especially so of a suit involving rights to land acquired under a law of the United States. If it were not, every suit to establish title to land in the central and western states would so arise, as all titles in those states are traceable back to those laws.
>
> Shulthis v. McDougal, 225 U.S. 561, 569-70, 32 S.Ct. 704, 56 L.Ed. 1205 (1912).
>
> Furthermore, it is well established that 'a controversy in respect of lands has never been regarded as presenting a Federal question merely because one of the parties to it has derived his title under an act of Congress.' Id. at 570, 32 S.Ct. 704.
>
> Shulthis's rule that federal land patents do not confer federal question jurisdiction has been repeatedly reaffirmed by the Supreme Court, the Ninth Circuit, and other lower courts. See, e.g., Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 676-77, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974) ("Once patent issues, the incidents of ownership are, for the most part, matters of local property law to be vindicated in local courts, and in such situations it is normally insufficient for 'arising under' jurisdiction merely to allege that ownership or possession is claimed under a United States patent."); Barnett v. Kunkel, 264 U.S. 16, 20, 44 S.Ct. 254, 68 L.Ed. 539 (1924) (same); Landi v. Phelps, 740 F.2d 710,

```
713-714 (9th Cir. 1984) (holding that "the United States
has no continuing interest in the property" acquired
through federal land patents);  Standage Ventures, Inc.
v. Arizona, 499 F.2d 248, 249 (9th Cir. 1974) ("The
complaint does not allege expressly that any law of the
United States is directly or indirectly involved in the
dispute; it is not alone enough that appellant's title is
traceable to such a law.");  Hilgeford v. Peoples Bank,
776 F.2d 176, 178 (7th Cir. 1985) (per curiam) ("It is
well settled ... that a controversy regarding land has
never been regarded as presenting a federal question
simply because one of the parties to it has derived his
title from a patent or under an act of Congress.").
```

*Id.* at 1143.

This language applies with equal force to the facts of this case. Even if Plaintiff holds a federal land patent, he has no right to bring suit in a United States Court.

On a similar facts, Judge Coyle determined that the court lacked subject matter jurisdiction and dismissed the action with prejudice. *See Jenan v. Erwin*, No. 03-CV-6425-REC-DLB (E.D. Cal. Mar. 31, 2004). Judge Coyle's ruling dismissing the action for lack of prejudice was affirmed by the Ninth Circuit in *Jenan v. Erwin*, 125 F. App'x 867 (9th Cir. 2005). Citing *Virgin v. County of San Luis Obispo*, 201 F.3d 1141, the Ninth Circuit held that "[t]he district court properly concluded that it lacked subject matter jurisdiction over Jenan's claims involving a federal land patent." *Id.* at *1.

Here, well-established Supreme Court and Ninth Circuit precedent make clear that federal land patents do not confer federal question jurisdiction. As that is the only enumerated basis for jurisdiction, Plaintiff's complaint is DISMISSED.

It is further ordered that Plaintiff's motion for summary

10

**judgment and Defendants' motion to dismiss are DENIED as MOOT.[2]**

**Assuming, *arguendo*, that jurisdiction is proper, which it is not, the action is dismissed based on the doctrine of res judicata. The claims advanced by Plaintiff in this case are identical to Toulumne County Superior Court, Case No. CV-55249, which was dismissed with prejudice on March 22, 2010.[3] The doctrine of res**

---

[2] Assuming, *arguendo*, that jurisdiction is proper, Plaintiff's motion for summary judgment is still deficient because he did not attach a separate statement of undisputed facts as required by Local Rule 56-260. Local Rule of Civil Procedure 56-260(a) provides, in part, that summary judgment motions shall be accompanied by "a statement of undisputed facts that shall enumerate discretely each of the specific material facts relied upon in support of the motion." E.D. Cal. R. 56-260(a). That rule also provides that the movant shall "cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact." *Id*. Plaintiff's motion neither includes nor is accompanied by a separate statement of material facts. Since Plaintiff carries the burden of setting forth facts that establish a genuine issue of material fact, his failure to present those facts is fatal to his motion for summary judgment. The motion fails to comply with the requirements of Local Rule 56-260(a).

[3] The "causes of action" in this federal action are the same as those asserted by plaintiff in his prior state court action. The two actions involve the same alleged injury to plaintiff and the same alleged wrongs by defendants. Specifically, in both actions, plaintiff alleged that defendants violated his rights by foreclosing on his property - and filing a fraudulent deed demonstrating their ownership over the property. The factual allegations in both the state action and the present federal action involve the same alleged misconduct by defendants, involve the same alleged actors, and occurs over the same alleged period of time. Moreover, there is no dispute that the prior state court proceeding was a "final judgment on the merits." Plaintiff's state court action was dismissed after the court sustained defendants' demurrer, without leave to amend. Under California law, "[a] judgment entered after a general demurrer has been sustained 'is a judgment on the merits to the extent that it adjudicates that the facts alleged do not constitute a cause of action, and will accordingly, be a bar to a subsequent action alleging the same

**judicata bars Plaintiff from maintaining this federal action against Defendants Bryan Willmon, Carol Willmon, and David Absher.** *See Brodheim v. Cry*, **584 F.3d 1262, 1268 (9th Cir. 2009) ("Federal courts "are required to give state court judgments the preclusive effect they would be given by another court of that state.");** *see also Kay v. City of Rancho Palos Verdes*, **504 F.3d 803, 809 (9th Cir. 2007) ("Res judicata [claim preclusion] prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.").**

## V. CONCLUSION.

**For the reasons stated:**

**(1) The action is dismissed for lack of subject matter jurisdiction under** *Shulthis v. McDougal*, **225 U.S. 561 and** *Virgin v. County of San Luis Obispo*, **201 F.3d 1141. Those precedents make clear that federal land patents do not confer federal question jurisdiction.**

**(2) Plaintiff's motion for summary judgment and Defendants' motion to dismiss are DENIED as MOOT.**

IT IS SO ORDERED.

**Dated:   September 21, 2010**        /s/ Oliver W. Wanger
                              UNITED STATES DISTRICT JUDGE

---

facts.'"  Crowley v. Modern Faucet Mfg. Co., 44 Cal.2d 321, 323, 282 P.2d 33 (1955).

**12**